Cordy, J.
(dissenting, with whom Spina, J., joins). I join and agree completely with Justice Spina’s dissent. I write separately only to underscore my strongly held view that the judicial branch should not intrude on what is plainly an executive branch function in the absence of a showing that that branch has failed to fulfil its legal or constitutional obligations. There is not a hint of such a showing in this case. To the contrary, all indicators of executive branch intentions support the conclusion that “meaningful opportunities] to obtain release” on parole have been and will continue to be provided to individuals serving life sentences for murders they committed when they were juveniles. There is no demonstrated need for the court to construct and order funded *49 a special parole and appellate process for such prisoners.[1]
While the directives in the court’s ruling regarding counsel, appeals, and the funding of experts may seem relatively benign to some, in unnecessarily intruding on the functions of another branch the court steps over the line that separates the powers accorded to each in our constitutional structure — a separation we have proudly proclaimed as a necessary element of a constitutional democracy that ensures our government shall be one of laws and not of men.[2] In doing so, the court also fails to accord the other branches the respect necessary to the proper functioning of a government where each has its own constitutional responsibilities. While the role of the judiciary may often include being a check on the other branches when they exceed or fail in the execution of those responsibilities, it is distinctly not to exercise them.[3] Although we occasionally declare that the Massachusetts Declaration of Rights creates certain duties in other branches, such as ensuring a meaningful opportunity for release on parole, we leave it to those branches “to define the precise nature of the task[s] which they face in fulfilling” those duties. McDuffy v. Secretary of the Exec. Office of Educ., 415 Mass. 545, 620 (1993). To hold that such a meaningful opportunity can only occur in the context of a parole hearing with counsel appointed, experts on retainer, and a special appellate process is to declare that we know best how to perform the tasks constitutionally assigned to others, in the absence of any evidence of failure or excess.[4] This substitution at this juncture of our judgment for that *50 of the parole board as to the expertise and advocacy necessary for it to properly exercise its executive discretion is a slippery slope, and one down which we should not embark.

Indeed, as the court’s opinion has noted, Gregory Diatchenko already has been granted parole.

See art. 30 of the Massachusetts Declaration of Rights.

Last year, we were quick to declare that the community parole supervision for life law (G. L. c. 127, § 133D [a]) was an unconstitutional delegation of a quintessential judicial function, sentencing, to the parole board, an executive branch of government, in violation of the constitutional separation of powers clause at issue here. Commonwealth v. Cole, 468 Mass. 294, 302 (2014). In so doing, we also underscored and confirmed that the granting of parole is “a discretionary act” and a “function of the executive branch of government with which, if otherwise constitutionally exercised, the judiciary may not interfere” (emphasis added). Id.

There is no suggestion in the court’s opinion that the standard for determining an individual’s suitability for parole for persons convicted of murder when they were juveniles is any different from the standard of suitability that any other prisoner must satisfy in order to obtain release on parole, i.e., that there is a “reasonable probability that, if the prisoner is released with appropriate conditions and community supervision, the prisoner will live and remain at *50 liberty without violating the law, and that release is not incompatible with the welfare of society.” G. L. c. 127, § 130.